Filed 9/26/24  P. v. Wardlaw CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B332418 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA110487) |
| v. | |
| MAURICE ERIC WARDLAW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Dorothy L. Shubin, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Surveillance video captured defendant and appellant Maurice Eric Wardlaw, in May 2021, getting out of a white car and firing two shots at a man walking on the street. The man dodged out of the way and was not injured. After firing his gun, defendant got back into his car and fled. Defendant was charged with one count of discharge of a firearm with gross negligence (Pen. Code, § 246.3, subd. (a); count 1) and one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 2). It was alleged defendant had suffered three prior convictions for serious or violent felonies within the meaning of the "Three Strikes" law, including attempted kidnapping and attempted carjacking (§§ 207, 215, 664) in 2019, and assault with a firearm (§ 245, subd. (a)(2)) in 2006.

After a jury trial, defendant was found guilty on both counts. The jury was polled and unanimously confirmed the verdicts of guilt.

Defendant waived his right to a jury trial on the prior conviction allegations and the aggravating factors. At the bench trial on those issues, the People presented evidence of defendant's prior convictions, including fingerprint evidence and a certified copy of his prison records pursuant to Penal Code section 969, subdivision (b), commonly referred to as a 969(b) packet.

The court found true that defendant had suffered three prior strike convictions. The court also found true the three alleged aggravating factors: defendant's convictions were numerous or increasing in seriousness, defendant had served a prior term in prison or county jail, and defendant had engaged in violent conduct that makes him a danger to society.

At sentencing, defendant put on evidence of mitigating factors and made a motion pursuant to *People v. Superior Court*

(*Romero*) (1996) 13 Cal.4th 497. The court granted defendant's *Romero* motion in part as follows: The court found that the attempted kidnapping and attempted carjacking convictions from 2019 were part of the same transaction and struck the kidnapping conviction. The court also struck the 2006 assault conviction as remote in time.

The court sentenced defendant to a six-year determinate term: a three-year upper term on count 1 (discharge of a firearm), doubled due to the prior strike. The court imposed and stayed, pursuant to Penal Code section 654, a six-year term on count 2 (possession of firearm by a felon). Defendant was awarded 453 total days of presentence custody credits (227 actual, 226 conduct). The court waived all fines and fees due to "extraordinary circumstances."

This appeal followed.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel, John L. Staley, filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The *Wende* brief included a declaration from Mr. Staley in which he explained that he advised defendant he would be filing a *Wende* brief, forwarded the brief and the record to defendant, advised him of his right to file a supplemental brief and his right to discharge him as his attorney. Mr. Staley also stated his availability to brief, upon request, any issues we may have after our independent review of the case. Defendant did not file a supplemental brief.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with his responsibilities. We find no arguable

appellate issues.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


VIRAMONTES, J.

4